CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/27/2019

JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:05-cr-00006-1 |
| v. | MEMORANDUM OPINION |
| CIRO GAMALIEL GARCIA, *Defendant.* | SENIOR JUDGE NORMAN K. MOON |

Defendant Ciro Gamaliel Garcia filed a "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amended Amendments Set out in the 'First Step Act' of 2018." (Dkt. 470). On March 20, 2006, Defendant pled guilty to Count One of the Superseding Indictment, which charged Defendant with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. (Dkts. 86, 180, 181). Defendant was sentenced on July 21, 2006, to a term of 300 months imprisonment. (Dkt. 251). On November 1, 2015, Defendant received an Amendment 782 reduction of sentence to 241 months imprisonment. (Dkt. 461).

Defendant argues that Sections 401, 402, and 603 of the First Sep Act apply to him.[1] (*Id.* at 2). The Government moves to dismiss the Motion, arguing that the First Step Act does not authorize consideration of a reduction in this case because the Defendant pled guilty to one count of a methamphetamine conspiracy. (Dkt. 471). Although the Court agrees with the Government

---

[1] Defendant does not move for a reduction of sentence pursuant to § 404 of the First Step Act of 2018. Nor would that section of the First Step Act, which addressed cocaine base offenses that were committed before August 3, 2010, apply to Defendant. Therefore, although Defendant references other sections of the First Step Act, this district's Standing Order 2019-1 on appointment of counsel does not apply to Defendant.

that Defendant is not eligible for a sentence reduction under Section 404 of the First Step Act, Defendant seeks relief under other sections of the Act.  (Dkt. 470, 474).

Except in limited circumstances that are not applicable on this record, Congress has ordered that a "court may not modify a term of imprisonment once it has been imposed . . . ."  18 U.S.C. § 3582(c).  For the reasons stated below, the Court finds that Defendant is not entitled to a sentence reduction under Section 401 or 402 of the First Step Act.  The Court further finds that Defendant has not demonstrated that he is entitled to relief under Section 603 of the First Step Act.

Defendant is not eligible for relief under Section 401 or 402 of the First Step Act.  Section 401(a) revised the type of prior convictions that triggered increased penalties under 21 U.S.C. § 841(b)(1)(A) and (B).  *See* Pub. L. No. 115-391, § 401(a), 132 Stat. 5194 (2018).  Section 401 and "the amendments made by this section," however, apply retroactively to any offense that was committed before the date of enactment of the First Step Act only "if a sentence for the offense has not been imposed as of such date of enactment."  Pub. L. No. 115-391, § 401(c).  Thus, the provision is forward-looking and not retroactive.  *United States v. Wiseman*, --- F.3d ---, 2019 WL 3367615, at *3 (6th Cir. 2019) ("[T]he First Step Act is largely forward-looking and not retroactive." (citing § 401(c))).  The date of enactment of the First Step Act was December 21, 2018.  Defendant's sentence was imposed in 2006, well before enactment of the First Step Act.  Accordingly, Section 401 does not apply to Defendant.  *See United States v. Stallworth*, No. 1:08CR00024-036, 2019 WL 2912845, at *1 n.1 (W.D. Va. July 8, 2019) (§ 401 not made retroactive ); *United States v. Bean*, No. 1:09-cr-143, 2019 WL 2537435, at *5 n.9 (W.D. Mich. June 20, 2019) ("The most natural reading of Section 401 of the First Step Act, however, is that it is not retroactive."); *see also United States v., Pierson*, 925 F.3d 913, 927 (7th Cir. 2019) (discussing when sentence is "imposed").

Defendant also asserts that he is entitled to a reduction of his offense level by two levels pursuant to Section 402 of the First Step Act. (Dkt. 474). Defendant's reference to a two level reduction appears to be to U.S. Sentencing Guidelines §§ 2D1.1(b)(18) and 5C1.2(a), which provide a two-level reduction if the court finds the defendant meets the criteria for the "safety valve" provision in 18 U.S.C. § 3553(f).

The First Step Act amended the "safety valve" provision, which allows a court to impose a sentence below the statutory minimum if the defendant meets the five requirements set out in 18 U.S.C. § 3553(f). The First Step Act amended the first requirement in § 3553(f), which had the effect of expanding the number of defendants who may receive a sentence without regard to the statutory minimum. However, the amendment made by Section 402 applies "only to a conviction entered on or after the date of enactment of this Act." Pub. L. No. 115-391, § 402(b). Defendant's conviction occurred in 2006, more than a decade before the effective date of the First Step Act. Thus, Defendant's conviction was not entered on or after the enactment of the First Step Act. He is, as a result, not eligible for the benefits of § 402 of the Act. *See United States v. Vargas*, --- F. App'x ---, 2019 WL 2577420, at *4 (11th Cir. 2019) (per curiam) ("Congress made the amendment applicable to convictions entered only on and after the date of enactment. . . ." (citing § 402(b) in context of addition of Maritime Drug Law Enforcement Act to safety valve statute)); *United States v. Tovar-Zamorano*, No. 16-20052-JAR, 2019 WL 2005918, at *2 (D. Kan. May 7, 2019) ("Defendant's conviction was entered prior to the date of enactment and he is not eligible for relief under this section [§ 402].").

Finally, Defendant "contends that he is one of the 1,882 offenders [impacted by Section 603] and does qualify for relief under Section 603." (Dkt. 47 at 2). He does not, however explain how he is entitled to relief under Section 603 or cite to the statutory provisions which Section 603

3

amended: (1) the "compassionate release" provisions of 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate relief," and new § 3582(d) (notification requirements); and (2) the federal prisoner reentry initiative reauthorization, 34 U.S.C. § 60541(g).

First, § 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A), which allows a sentencing court to reduce an imposed sentence upon a showing that either: (1) "extraordinary and compelling reasons" exist which warrant a reduction; or (2) the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence under 18 U.S.C. § 3559(c), and the Bureau of Prisons Director has determined that the defendant is not a danger to the safety of any other person or the community. 18 U.S.C.§ 3582(c)(1)(A)(i) & (ii). Prior to the First Step Act, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons. The First Step Act amended the statute to allow a defendant to file a motion for compassionate release with the court but only after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier . . . ." Thus, a defendant may move for relief under § 3582(c)(1)(A) but only if he or she has met one of these prerequisites.

Defendant has not provided evidence that he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf nor has he shown the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility. *See* 18 U.S.C.§ 3582(c)(1)(A). A prisoner moving for compassionate release must make this showing to be entitled to seek relief pursuant to § 3582(c)(1)(A). *United States v. Solis*, No. 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019); *United States v. Estrada Elias*, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *Guzman v. United States*, No. 3:10-

CR-161-TAV-DCP, 2019 WL 1966106, at *2 (E.D. Tenn. May 2, 2019). Because a court may consider a compassionate release motion filed by a defendant only when these requirements have been met, Defendant cannot obtain relief under 18 U.S.C. § 3582(c)(1)(A) based on the record before the Court. Therefore, Defendant's motion must be denied to the extent it seeks relief pursuant to Section 603(b) of the First Step Act.

Second, § 603(a) of the First Step Act reauthorized and amended the Second Chance Act of Act of 2007, 34 U.S.C. § 60541(g). Section 603(a) also broadened the definition of elderly inmates eligible for consideration (e.g., reduced the minimum age from 65 years to 60 years of age) and included terminally ill offenders as a new category of offender for whom home detention may be available. Pub. L. No. 115-391, § 603(a). The amended section, however, provides the Attorney General with the discretion to determine if and when to assign a prisoner to home confinement. *United States v. Guzman*, No. 5:16-cr-41-JMH-EBA, 2019 WL 3892416, at *3 (E.D. Ky. Aug. 19, 2019); *United States v. Buenrostro*, No. 2:95-cr-0504 WBS AC, 2019 WL 3245093, at *3 (E.D. Cal. July 19, 2019) (M.J.), *report and recommendation adopted*, 2019 WL 3817624 (E.D. Cal. Aug. 14, 2019); *United States v. Overcash*, No. 3:15-cr-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019). Therefore, Defendant's motion must be denied to the extent it seeks relief pursuant to Section 603(a) of the First Step Act.

The Court, therefore, will deny Defendant's Motion (Dkt. 470).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to all counsel of record and to the Defendant.

Entered this 27th day of August, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE